JORGE REMEDIOS, Petitioner and Appellant, v. EMILIO FAGOT, MAYOR OF PONCE, ET AL., Respondents and Appellees.

No. 5198.   Argued March 10, 1931.—Decided March 24, 1932.

L. *Tormes García* for appellant.   M. *Bahamonde* for respondents and appellees.   *R. V. Pérez Marchand* and *F. B. Fornaris* for intervener, Moringlane & Lledó.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

In this case there are involved interesting questions of fact and of law; but the appellant admits that his appeal has become academic because the term of the lease involved has expired, and his only reason for prosecuting the appeal is to be relieved from the award of costs entered against him which he has assigned as prejudicial error.

The plaintiff and appellant was one of the bidders for the lease awarded by the Administrative Board of the Municipality of Ponce on December 28, 1928, of the barges, tugboats, warehouses, and other fixtures pertaining to the lighterage business operated by the municipality in its harbor.

There were four bids and after they were opened; the following result appeared:

Bid No. 1 from Ernesto Moringlane _____ $24, 000
Bid No. 2 from Jorge Remedios_____ 26, 500
Bid No. 3 from Juan J. Gerardino_____ 22, 500
Bid No. 4 from José Barbosa_____ 20, 500

The Board, after stating that it had "examined each bid and had considered the experience and solvency of each of the bidders, and general attendant circumstances," awarded the lease to Moringlane, whose bid was $2,500 less than that

of the plaintiff. The award was approved by the municipal assembly on December 29, 1928, and by the mayor on the 31st of the same month.

Section 17 of the Ordinance authorizing the bid says:

"Section 17 a.—The successful bidder shall deposit within the following five (5) days the final bonds stated in this ordinance, which must be approved by the Municipal Auditor, and by the Attorney for the Municipality as to its legality. In case of failure to furnish such final bond, the provisional bond shall be forfeited to the municipality and paid into the Municipal Treasury in due course of law; moreover, the contract shall be rescinded and the lease shall then be considered as awarded to the next highest bidder."

After alleging that the bond furnished by the successful bidder was not only ineffective by reason of its terms but that it had been furnished after the expiration of the time fixed for that purpose, the petitioner prayed the court to order that he be awarded the contract of lease, pursuant to the provisions of the ordinance in question, the municipality having refused to do so.

The successful bidder, Moringlane, died shortly afterwards, whereupon Moringlane & Lledó, an industrial general copartnership, alleging to be his successor, moved to intervene in the proceeding. The motion was granted over the objection of the plaintiff.

Finally, the court dismissed the petition, with costs, on the ground that the mandamus proceeding did not lie, and furthermore because, after considering the facts in the light of the evidence heard, the plaintiff was not entitled to the relief sought.

We would fully agree with the district court if the plaintiff had sought an order directing the approval of his bid merely on the ground that his bid for the lease had been the highest. The board had a discretion which could not be controlled by mandamus.

The petition, however, was not based on that fact. It prayed for a compliance with the express provisions of section

17 of the ordinance above transcribed. If the bond was not furnished within the specified time, the bond given being moreover insufficient, it appears at least doubtful whether resort could not be had to a writ of mandamus. See 38 C.J. 747.

It clearly appears that the final bond was not furnished within the five days specified in the ordinance. It is true that there was presented to the Municipal Treasurer a document reading thus:

"Ponce, P. R., January 3, 1929.—No. 8071.—Banco de Ponce.— Pay to the order of the Hon. Municipal Treasurer of Ponce ($18,500.00)—Eighteen Thousand Five Hundred and 00/100 dollars —(Manager's signature illegible). On the margin: Manager's check."

The check did not by its terms reveal its purpose, nor was there attached to it any document whatever supplying such deficiency. There was no written approval on it. The auditor and the attorney testified at the trial that they had approved it verbally. It was not paid into the Municipal Treasury. The security indeed was rather irregular.

In this situation, perhaps we would always have to admit that mandamus did not lie, but the circumstances justified the plaintiff in taking his case to the courts without being charged with obstinacy.

By reason of the foregoing, the judgment appealed from must be modified by substituting for the pronouncement imposing costs on the plaintiff, the following: "without special imposition of costs"; and as so modified, the judgment is affirmed.